FILED 04 NOV '26 15:34 USDC-ORE

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Katherine A. Rykken Name**
Assistant U.S. Attorney
Katherine.Rykken@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

October 30, 2026

Irina Hughes
859 Willamette Street, Suite 200
Eugene, Oregon 97401

Re: *United States v. Christina Klauda*, Case No. 6:25-cr-00075-MTK
Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Counts One, Three, and Four of the Indictment. Count One charges Bank Fraud, in violation of Title 18, United States Code, Section 1344(1). Counts Three and Four charge Making and Subscribing a False Federal Income Tax Return, in violation of Title 26, United States Code, Section 7206(1).

3. **Penalties**: The maximum sentence for Bank Fraud is 30 years' imprisonment, a fine of $1,000,000, five years of supervised release, and a $100 fee assessment.

The maximum sentence for Making and Subscribing a False Federal Income Tax Return is 3 years' imprisonment, a fine of $100,000, one year of supervised release, and a $100 fee assessment.

Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**:

Bank Fraud Elements. In order for defendant to be found guilty of Count One (Bank Fraud) of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly executed a scheme to defraud a financial institution of something of value.

Second, that the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant did so with the intent to defraud the financial institution; and

Fourth, the financial institution was insured by the Federal Deposit Insurance Corporation.

Tax Fraud Elements. In order for defendant to be found guilty of Counts Three and Four (Making and Subscribing a False Federal Income Tax Return), the government must prove the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for the specified years that she knew contained false information as to a material matter;

Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

Third, in filing the false tax return, the defendant acted willfully.

Factual Basis. Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Defendant was the office manager and bookkeeper for Tower Timber Services, Inc. ("Tower Timber"), a lumber company based in Riddle, Oregon, beginning in 2014. Her duties included paying company bills, payroll, creating invoices, and dispatching employees to work sites. She also prepared IRS Forms W-2 for all Tower Timber employees.

With her access to and control over Tower Timber's financial software and records, defendant repeatedly and systematically stole from Tower Timber for a decade. The government believes that the loss to Tower Timber totals $1,083,786.56, but the parties disagree as to the overall loss amount. Defendant believes that from 2014-2017, the government's loss calculation is too high because the calculation may not correctly calculate legitimate overtime or bonus wages. Consequently, the defendant believes that the overall loss could be reduced by $139,414.59 to $944,371.97.

Nevertheless, defendant admits that she concealed the theft from Tower Timber, her supervisor and owner of the company ("Adult Victim 1"), and the Internal Revenue Service ("IRS"). Defendant fraudulently obtained money in the following amounts each year:

| **Year** | **Amount** |
|---|---|
| 2014* | $18,052.84 |
| 2015* | $39,713.40 |
| 2016* | $40,752.83 |
| 2017* | $40,895.52 |
| 2018 | $72,542.44 |
| 2019 | $89,997.95 |
| 2020 | $131,698.64 |
| 2021 | $187,527.45 |
| 2022 | $260,821.40 |
| 2023 | $201,784.09 |
| **Total** | **$944,371.97 - $1,083,786.56** |

* The parties dispute the figures from 2014-2017.

To perpetrate the fraud, defendant began inflating her wages in 2014 by increasing her hourly and overtime rates and the number of hours she worked in the company's payroll system. From 2018 onward, defendant then arranged the double payment of wages to herself as follows. Defendant created two separate employee profiles in Tower Timber's accounting software, one

for one for Christina M. Klauda ("CMK profile") and one for Christina Klauda ("CK profile"). Defendant continued to pay herself an inflated wage via direct deposit to her bank account for the CMK profile. She also paid herself a second paycheck with paper checks through the CK profile.

Defendant reported to the IRS on her Forms W-2 the inflated wages paid through the CMK profile. The CMK profile funds were directly deposited to defendant's personal bank accounts with Cascade Community Federal Credit Union and US Bank, both of which are financial institutions that are insured by the Federal Deposit Insurance Corporation ("FDIC").

Defendant also prepared paper checks to be paid to the CK profile. Adult Victim 1 signed these checks, with the understanding that defendant was not paid through the direct deposit system. In addition, because defendant controlled the accounting software, she consistently deleted from the accounting software the paper checks issued to the CK profile, thereby ensuring that only a single payroll payment to defendant would show in the accounting software. Defendant did not report on her Forms W-2 the income she received through the CK profile. Defendant did not pay any federal income taxes on the income she received through the CK profile. Defendant deposited the checks paid to her through the CK profile to both Cascade Community Credit Union and US Bank, both of which are FDIC insured.

Moreover, Klauda routinely used Adult Victim 1's signature stamp to issue additional checks to herself and to her own personal creditors without Adult Victim 1's consent or knowledge. These checks were earmarked on their memo lines as "loans," "reimbursements," or "draws." Defendant similarly deleted these payments from the company's accounting software and did not report this as income on her Forms W-2 or pay federal income taxes on these funds. These checks were paid by Umpqua Bank (now Columbia Bank), which is FDIC-insured.

Defendant willfully misrepresented her income on her 2018 and 2019 IRS Forms 1040 U.S. Individual Income Tax Returns (Form 1040) by failing to include $38,140 in income for tax year 2018 and $74,144 in income for tax year 2019. This unreported income was money that defendant stole from Tower Timber, a company located within the District of Oregon. She signed her 2018 and 2019 Forms 1040 under penalty of perjury. The tax loss for each year is as follows:

| **Tax Year:** | **Description:** | **Amount:** |
|---|---|---|
| 2018 | Additional tax due and owing unreported on Forms 1040 | $ 8,856.00 |
| 2019 | Additional tax due and owning unreported on Forms 1040 | $ 19,129.00 |
| | **Total:** | **$ 27,985.00** |

When interviewed by law enforcement, defendant admitted to her crimes, including by stating "I know I did it" and "I know I'm guilty."

6. **<u>Sentencing Factors</u>**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the

factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties are making no agreement with respect to defendant's Criminal History Category. The parties stipulate and agree to the applicability of the following guidelines calculations and adjustments.

| | | |
|---|---|---|
| Base Offense Level | +7 | USSG § 2B1.1(a)(1) |
| Loss Conduct of more than $750,000 | +14 | USSG § 2B1.1(b)(1)(H) |
| Abuse of a Position of Private Trust | +2 | USSG § 3B1.3 |
| Acceptance of Responsibility | -3 | USSG § 3E1.1 |
| Zero-Point Offender (if eligible) | -2 | USSG § 4C1.1 |
| **Total** | **18 or 20** | |

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, fails to timely complete a Financial Disclosure Statement as outlined in this agreement, if applicable, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: The USAO will recommend a sentence within the applicable guideline range; followed by three years of supervised release, and the $100 statutory fee assessment for each count, as long as defendant demonstrates an acceptance of responsibility as explained above.

12. **Zero-Point Offender Adjustment**: If the Court determines defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

13. **Additional Adjustments or Variances**: The USAO agrees not to seek any upward adjustments or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant may argue for any lawful sentence.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant

also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, commits any new criminal offenses, absconds or fails to appear for any hearing, or fails to report as directed by a supervising officer between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court prior to sentencing, or defendant must raise an immediate objection if the claim arises out of conduct at the sentencing hearing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court, which defendant agrees is between $944,371.97and $1,083,786.56 to Tower Timber and $27,985 to the IRS for a total restitution amount of at least $972,356.97 and $1,111,771.56. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

22. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

23. **Deadline**: This plea offer expires if not accepted by November 4, 2026 at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

KATHERINE A. RYKKEN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11/4/26
Date

Christina M. Klauda
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/4/26
Date

Attorney for Defendant